Good morning, may it please the court, David O'Donnell. On behalf of the Adams, John and Alene Adams, and the putative class members who are all former property owners of an area which is now within the land that's managed by the defendant, Pearl River Valley Water District. We commonly refer to it in Mississippi as the Ross Barnett Reservoir area. They sue the district, which is a Mississippi state agency, for due process and takings violations as it relates to the right of first refusal that's laid out in the deeds of conveyance that the district acquired from each of the plaintiffs and the putative class members. The record shows that the, and the allegations are in the complaint, that the plaintiffs and class members have never been provided notice of opportunities to exercise their valuable right of first refusal, and for that they sue the district. Has all the property been taken or is this going to happen again? That's not clear to me. All of the plaintiffs, the two plaintiffs. The plaintiffs' property. Is there other property in the same little area that is still owned by other people that is? Your Honor, I don't believe so. It's all been acquired by the district. I think the acquisition phase of the district is over. The district was created in 1958 with a legislative directive to acquire the property necessary to provide water management services and recreational facilities for that area. They were provided the right of eminent domain to acquire that property, so each of the acquisitions was under threat of eminent domain. What is the ongoing harm that would support this type of suit? Yes, ma'am. The ongoing harm is the failure to provide notice. The esoteric aspect of this case is the nature of the right at issue. The property right is the right of first refusal, which Mississippi recognizes as a very valuable property right. In order for that to be effectuated, notice must be provided by the district, which they have consistently and without fail have failed to provide to each of the members of the putative class and the plaintiffs as former property owners. The ongoing violation is the failure to provide notice. Then we get . . . It did it many times, but it's not ongoing if there's no more property, is there? That's what I don't . . . That's where I'm having trouble with the case. Happy to explain. My understanding is once the acquisition took place and the district acquired the property as the legislature directed, then the district has the discretion on how to manage the property. So over the course of . . . since 1960 to the present, the district would either engage in its own activities in terms of developing the Ross Barnett Reservoir, water management services, facilities that are specific to the district, and also to either lease or sell the property for purposes of recreational activities, which they've done in this case. So for example, the Adams . . . Mr. Adams in particular, who's an errant law of his father's property, who conveyed approximately 118 acres in early 1960s, part of that property was in turn sold by the district. Part of the property, part of the 118 acres, was sold to develop a residential area, subdivision. We have two tracts here, it seems to me, 120 total, but two was carved out, it seems to me that maybe your client owned exclusively, but regardless of the details of that, does your complaint assert that the two acres that I think it mentions a church may be on, does it mention a date, does it mention an actual sale of when that occurred by the Pearl River Valley Supply District? Yes, there are deeds of record that are attached to the amended complaint that shows . . . We're talking about the early 60s or something. Pardon me, Your Honor? When did that sale occur? I believe that occurred in 1960. Okay, and the 118 acres, which your client has a 111th interest in, if I know this correctly, there's a reference maybe in the briefing, I'm not sure I saw it in the complaint, it's probably there, that some of it may have been developed as a subdivision or sold as a subdivision? What's the allegation about that? Yes, sir. Part of the 118 acres that Mr. Adams is an errant law for was developed as a subdivision. Also in the 60s, 70s, at least sold by the district? We're not sure when. The district acquired the property from Mr. Adams' father in the early 1960s. We're not certain about when that property was subsequently developed, part of it developed as a subdivision. The other part, as far as we know, it remains undeveloped. So again . . . It seems to me, as Judge Wingate was alluding to, the problem I see in this case, and help me with it, is a matter of . . . this is not a class action, though I think the complaint may have referred to it, but there was no certification of this as a class action. So the only plaintiffs and injuries we're worried about is actually your client and his . . . there's no possibility of that two acres being sold again, so whatever injury he has to that seems to be monetary, and then you've got the 11th Amendment problem with that. And so the remaining interest is the 1 11th and the 118 acres, and some of it's already been sold. So it seems to me the only remaining non-monetary claim as to that is not well-developed, and the risk of that happening, to show sufficient injury, is also unclear. In response to that, am I not defining the plaintiff group large enough, or am I not understanding the potential injury? Well, the potential injury, which I think is substantial, under the criteria that we apply under Ex Parte Young, and as it relates to, in particular, the requirement to provide standing for prospective injunctive relief, which the court recently, in the Itala County case, evaluated. I understand the case is under a petition for rehearing, but I think it's instructive and I think it actually helps our case. I understand Judge Elrod and Judge Southworth were on the panel on that case, but here we have a district-wide policy that's been followed without exception, failing to provide notice to the former property owners of their right of first refusal. That is, in the event that the district decides to defer, the former owners, once they receive a bid from a third party, the former owners are then provided an opportunity to make their own offer on the same or better terms. That's the right of first refusal. But the failure to provide notice neutralizes that right completely. So your position is that they could still do that with regard to the partial interest in the larger property? Yes, ma'am. Exactly correct. Because that hasn't been sold yet. That's correct. That's the fact that they might not give notice when they, and I guess we have to ask them whether they're prepared to give notice going forward or not. That's correct, Your Honor. And again, I think the, and actually the Itala County case is cited by the district in its Rule 28J letter, helps our case or illustrates what it is we're trying to articulate, and that is here we have a district that has a uniform policy. It's not a policy like in Itala County where the court was concerned about the actions of a particular district attorney and whether or not those actions could be regarded as differing circumstances. We don't have that here. We have a uniform policy of the district. It would be against the law for those actions to reoccur, whereas this would be a policy that might violate the contractual arrangement that was with your client. Yes, ma'am. And it's a uniform policy. And we are within the ambit of the individuals who are subject to that right. That is, we are former property owners. So I think we have a uniform policy. And the discussion of Crawford 1 in the Itala County case I think illustrates we're talking about our standing to pursue prospective injunctive relief. That is that we are under substantial risk. It's not conjecture, but substantial risk that our right of first refusal will not be effectuated because we're not receiving the notice that the district has consistently refused to provide. Excuse me. Go ahead, Judge. Well, is it written down that they are not going to give the right of first refusal? That you can say it is an official policy that they refuse to give the right of... It's not a written policy. We allege in the amended complaint that it's a matter of custom. If we look at it from a 1983 perspective, we're not going to get into the merits I know on the current issue, but that would be the argument. We would make our case that it is a custom of the district not to provide the notice that the statute requires to be provided. Can you get the notice even if it's just a lease? Pardon me, ma'am? Can you get the notice even if it's just a lease? Yes. Excuse me. The position you're taking in your amended complaint is that the district never gives us notice. Is that correct? That's correct, sir. I mean, that's your allegation. And maybe they will be true. But that's just at the You have properties that Mr. Adams' family sold, and he has a one-eleventh interest, and the remainder of it that's still owned by the district. And at some stage, it may in the future be sold. At some stage, it may never be sold and be kept by the district, and you would have no injury, correct, if it's never sold, and so there's never a right of first refusal that is invoked. Never sold, never leased, we would not be injured. Our injury is only upon lease. What you're looking at here, and getting back to the Taylor County case with whatever kind of suspicions there may be about the validity of that, depending on what we're hearing, are you in the class of individuals that are truly at risk of having this injury to them? And we are only at the pleading stage, correct? Yes, under the Rule 12b-1 standard, we're accepting the allegations that the complaint is true, and they, in order to dismiss, it has to be a certainty that we cannot assert or prove a plausible set of facts that would fit within Ex parte Young. I think we clearly have that. Pardon? It seems to me. Is anything said in there about when some of this 118 acres was sold? How long ago? Was that the 60s? We're not clear on that. Is there any allegation that ballparks it? I'm just talking about what does the complaint say? There's nothing in the record on that. It's addressed in the record in terms of the motions to dismiss and the response. Let's say if it was in the complaint and you tell me it's not, but if the complaint says some of this 118 acres was sold by the district in 1975 for a subdivision and the rest remains, well, that's, my math's not real good, but that's close to 50 years ago, and you want an injunction now for something that hadn't affected your family for almost 50 years, and that sort of speculation is getting us back to Italic County and why both of you like that opinion, which must mean it's wrong if you both like it. So what do you deal with the speculative nature of your harm? Well, any evaluation of standing, especially when we look at it in terms of standing to harm, there's an element of speculation. It's a plausibility analysis, probability, as it were, if we look at the Italic County case and the Crawford One case. That's how we look at standing, and in this case, given the consistency of the practice at issue and given the continued standing or the capacity that we have as former owners and owners of land that is yet to be developed, we're at substantial risk. It's more than a mere possibility, but we suffice to pursue prospective relief because, again, because of the nature of the policies at issue and the nature of the right. Without notice, we have no right of first refusal, and that was part of the consideration of the initial acquisition as the legislature directed. So we follow Crawford One. I think the allegations of the amended complaint clearly show that we have sufficient standing to pursue prospective relief. Again, it relates to the consistency of the policy at issue, and without notice, and clearly the nature of the prospective relief that we asked for is precisely what I think Ex parte Young allows, and that is without an injunction requiring the district to provide the notice that it's failed to provide consistently over the years, we have been deprived of a valuable property right. Let me ask, is the state defending the part of Judge Wingate's opinion that the estate of Mr. Adams' father needs to be a party? You don't need to argue against it if it's not defended by the state. They have not defended it in the briefing. It's an incorrect statement of law. I think the fact of the matter is the estate was closed. The will was admitted to probate. The interests were established. I don't know what else Mr. Adams could do to establish the fact that he is an heir at law. There's a statute, part of this whole mix for the district, that refers to the estate of former owners, but whether it's applicable or not, I'm not sure is going to be urged. I think an argument can be made that even without the probate of the will that Mr. Adams is in fact an heir at law of his father. There was a will, but not in testacies, so his interest is through a will. It was admitted in a probate, and the estate was closed several years later. I think that that finding from Judge Wingate came out of left field a bit, but I think that's clear. It's not completely left field. Thank you, counsel. I think I have my time. Thank you, Your Honor. Good morning. May it please the court. Wilson Minor for the appellees. Do you mind starting there? Yes. What about Judge Wingate's statement about this, the estate needed to be a party? Two issues with that. First, it's the district's position that in the district court they relied on one provision in the statute, section 51-9-121. They relied on subsection F, and that subsection applies to leases and sales, but it only requires the district to notify the former owner. It just says former owner, so it only gives the former owner the right to exercise the right of first refusal. In contrast, subsection W of the same statute gives the right of first refusal to the former owner and his heirs and devisees, so the district's position is that under subsection F, heirs do not have any right to exercise under that subsection. That's not an answer whether or not the district court was correct in its statement that the heir needs to be added. I mean that the estate needs to be added. I was going to add, it's the district's position that once the former owner dies, the right to a first refusal no longer exists, although the district does provide notice to former owners in case they want to come in and try to... But you're not answering the question of whether or not the estate needed to be added like the district court said. No, I think that even if the estate was added, the estate wouldn't have standing either. Right, so you're not, it's of no account and you're not pushing for that and it doesn't matter and it does not affect your analysis of the case. I'm sorry, Your Honor. Is that correct? Yes. Okay. You can affirm based on standing but for a different reason because they don't have, there's no certainly impending threat or substantial risk that they're going to be deprived of notice in the imminent future with regard to some sale. Is it in this case, are you in a position to say, has the district never followed this procedure in the statute about right of first refusal? No, Your Honor. The district has always followed the statute and provided notice to former owners when they're leasing out land. You say leasing, leasing or sale? Well, the statute applies to both leases or sales, but the district only leases land. I was wondering about that. I thought it was these nine, nine-year leases or something. They're 60-year leases, but the district only leases land. I was surprised to hear there were sales, but there aren't sales. No, they're all leases. So whenever the 50 years ago the subdivision was built, allegedly, maybe, I don't know what the dates are, they gave notice. Is that your position? Because the people were still alive then, the correct heirs, I mean the correct owner, right? Which piece of property are you referring to? I'm sorry. I'm talking about the large piece of property. Well, they don't have any allegations or any evidence in the record about when that occurred. We have questions about that today, so I'm asking. I believe the larger, the 118 acres that belonged to the plaintiff's parents. And then it became part of the, yes, did the plaintiff's parents get notice back when that subdivision was built? Because you said 100% of the time they give notice. I'm not sure. I believe they were dead at the time. You believe they gave notice back then? No, no, no. No, I'm saying I think the parents were dead at the time that the neighborhood. They were already dead. So they didn't need to get notice back in the 60s or the 70s when the subdivision was built. Correct. Okay, because your position is that nobody. I'm not sure about, look, there's nothing in the record about this. They haven't made any allegations about that property. There's nothing in the complaint about that property other than the parents sold it to the district in 1960. There's nothing in the record about that. So there would not be any need for any prospective relief to say you better give notice if we were even, if they had standing and it was appropriate because it's your position that your client always gives notice as its policy. Yes. Our policy is to comply with state law, which is Section 519, 121, which requires notice. Okay. So this is really an issue of whether notice needs to be given to heirs or not or only to the original property owner. Is that what the real issue is? Yeah, and I think that's an issue of state law that should be resolved by the state courts. There's certainly not any kind of impending threat that the district is about to lease out either of their properties. I mean, the two acres has already been leased and developed. So there's certainly no – So you're saying if they got wind that they're going to do that somehow, they could file their case in state court and say you were supposed to give us notice, and, in fact, your lawyer said that you always give notice and why didn't you give us notice? And then they could say – you could say, no, they didn't. We don't have to give you notice because you're not the original owner, and then you all could argue about that in Mississippi. Yeah, they could file a declaratory judgment action asking for declaratory judgment that they're entitled to notice under subsection F and W, and they can also – Is this land released, leased only through bidding, public bidding? I'm sorry, I didn't – Is this land transfers handled only through public bidding? Yes. Because as I read the statute, it's public notice, bids are received, and it's only after the decision is made to accept one of the bids that the former owner is given notice. Right, and that's what makes this – So there's already notice public, though I'm not sure how we do it in Mississippi right now, whether it's published in the newspaper that nobody reads or just where it appears, but at least it would be public notice of any of their land about to be leased. Right, it's when they advertise for bids, that's published in the newspaper, and then when the board passes a resolution to advertise for bids, that's published in its minutes, which are posted on the website. But that's what makes this case similar to Atala County in one respect, is that there's a series of events that have to occur before any kind of threat to their rights would materialize. First, the district would have to decide we want to develop this undeveloped land, and that we want to solicit bids. They'd have to receive some bids. Sometimes they don't receive any bids. And then they would have to accept one of the bids as the highest and best bid. Sometimes they reject – they don't accept any of them. They reject them all. And only at that point would any right to notice be triggered. But there's a difference between this case and Atala County, isn't there? Because in Atala County, the position of counsel for the county was that, by golly, we're going to comply with all the requirements and not exclude anybody going forward, and we would not do that. Whereas in your case, your position is we have no legal responsibility to give your client their client notice, because they're not a – they weren't the original owner. So do you see what I'm saying? They're not similarly situated in that the Atala County people were saying all along we're going to follow the law and do this. And you're not saying you're not going to follow the law, but you're saying by following the law we don't have to give them notice anyway. I may have not explained that well. The district gives notice to the former owner and heirs regardless. Oh, so you're going to give notice to the heirs even? So that won't be queued up. Right. The district position is they don't have a right to come in and match the bid, but we give them notice anyway. But you're going to give them notice even if they're just the heir, whether or not it's the top provision or the bottom provision. Right. Yeah, the subsection W only applies when the district – So that's a difference between Atala County in this case, isn't it? Or not? I'm not sure – I guess it's not if you're saying you're going to give them notice anyway. Right. They're saying they're going to be not discriminatory in their board IR. Yeah. Okay. Right. In the complaint, I would have a better chance by pulling it up on my iPad, but what relief is sought in an injunction to the monetary aspect of it? But it seems to me so long as you're giving notice, which is just your assertion, and I certainly respect you and it's honest, but we're looking at what's in the pleadings, what was proper for Judge Wingate to resolve at this point. Do they want an injunction to require that they be given notice, or would it include that you would accept their agreement to match that bid, which you were telling us? Neither of those things. All they wanted was a declaratory judgment that the district violated their rights whenever. They don't say when, but whenever they failed to give notice. Not an injunctive relief to make sure. I mean, see, declaratory judgment would be that to follow the law, you must be given the notice. They don't ask for that in their complaint. They ask for a declaratory judgment that the district deprived them of their statutory right without due process. That's what it says. Back when this happened initially. Yeah. When the two acres was sold. When the two acres was leased to the church and it was built there. What do you get out of that? Nothing. That's retrospective relief that's borrowed by the 11th Amendment, Sovereign of Munich. So they ask for monetary relief and retrospective declaratory relief. Now on appeal, they're trying to manufacture a claim for prospective relief by citing this catch-all prayer for relief at the end of their complaint where they just ask for, you know, any other decrees, injunctions, orders that the court deems just and equitable. I mean, if that suffices to, if that's sufficient to satisfy the second prong of Ex parte Young, then you might as well get rid of it. I mean, every complaint usually includes that kind of boilerplate language. That's not a request for prospective injunctive relief. So they're trying to create a request for prospective injunctive relief on appeal now that they realize all their actual claims for relief that they've made are barred by the 11th Amendment. Mr. Minor, do you have anything else? Yeah. I'd just like to point out that, you know, counsel often keeps saying we have this policy. We have this policy of never providing notice. There are no allegations in the complaint that even plausibly suggest that that's the case. Counsel often cites basically three pages in the complaint to support this notion that the district has a policy. What paragraphs are you talking about? I'm looking at pages 105 through 107 in the record. What paragraphs of the complaint? Okay, I'm sorry. Okay, 23 through 27. And if you look at those allegations in those paragraphs, it's just a series of conclusory assertions and legal conclusions. There are no actual facts alleged in any of those paragraphs. For example, paragraph 24, quote, Here's another one. Paragraph 26. As a direct and proximate result of the members of the Board of Directors of the PRVWSD acting in their official capacities, and pursuant to written and unwritten policies, practices, customs, and usage, the named plaintiffs and class members have suffered and been deprived of statutory notice of the impending lease or sale of their former homestead property and loss of statutory or versionary interests. So that's basically all these three pages consist of is these kind of conclusory allegations that are not entitled to the assumption of truth under Twombly and Iqbal. I'm not finding it right now, but isn't there an allegation when the two acres were sold, they were not given notice, lease? Yes. After we finished briefing our motion to dismiss, they submitted some affidavits where they alleged or stated that It's not in the complaint you're saying? It's not in the complaint, but it's in the record. Even if you consider that, I mean, a one-time pass file One time it directly affected them, but then they say over 100 people are affected by all this and then make these broader allegations. I see your point. They haven't identified any other former landowner that has been deprived of notice. There's no evidence in the record, no allegations regarding any other time that the district has failed. No specific allegations. There are certainly allegations, but no specific allegations. No allegations that plausibly show that the district has such a policy under Twombly and Iqbal. Do you have anything else? Yeah, I'd just like to say, basically when you boil it all down, all you have is a one-time violation under Los Angeles v. Lyons. One-time violation is generally not sufficient to create standing. In that case, they said the plaintiff didn't have standing to seek an injunction to bar chokeholds by the police. Just because on one occasion he was put in a chokehold. They said his allegation that the police routinely apply chokeholds to motorists who don't pose a threat to them fell well short of establishing that he had standing. I think this case is very similar to that. All they have is the one-time violation that occurred at some point in the past, which they don't even bother to say when. They don't have any other specific factual allegations that this has ever occurred on another occasion. I'd just like to also add that the council officer keeps referring to the putative class members, this is a class action. The fact that they've labeled this a class action is irrelevant. For one, they never got a class certified. They didn't even move for class certification. Two, they can't manufacture standing by labeling their complaint a class action complaint. Plus, they can't invoke the rights of third parties who are not before the court. As Judge Southwood pointed out, they have to prove that they have standing. Whether somebody else might have standing is completely irrelevant. The fact that they've pled this as a class action makes no difference. If you don't have any more questions, we would just ask that the court affirm the district court. Of course, the district court's judgment needs to be modified so it reflects that it's a dismissal without prejudice. The court dismisses it with prejudice. That does need to be corrected on remand. We would ask that the court affirm the district court's judgment. Thank you. Mr. O'Donnell. Thank you, Your Honor. First, we've heard of the fact that the district has consistently provided the notice. In the face of the amended complaint allegations in the briefing before this court, it's never been mentioned by the district that they consistently provide the notice. But the point is still true that your allegations don't mention other incidents. And insofar as the plausibility standard is, you can't just make conclusionary allegations. What do you do with that? Well, under the 12B1 standard, we look at the amended complaint and any undisputed facts of record. I think that's included in terms of the affidavits. I know they're germane only to the two named plaintiffs, the affidavits of Mr. and Mrs. Adams. But the briefing on the motion to dismiss discussed the, and I think in the reading of the amended complaint, which the motion to dismiss addressed, all concerned the district's consistent policy of not providing notice ever. And I would also note that counsel for the district mentioned that the district only leases property. Well, I think that also plays into the standing issue, because leases are temporary. They're not permanent. So if they have 60-year leases, those leases must be renewed. Under this statute, yet again a first refusal after a renewed rule period? Yeah. You make that allegation? Well, there's no allegation in the amended complaint addressing that particular point. But I think that their position is. I wonder if that's a part of the reading of the statute. Well, I'm hearing for the first time that they only lease property. They never sell property. I don't know if that's exactly correct. But I think overall this is a good illustration of the fact that we are dealing with a pleading issue here. The pleadings, I believe, establish the three elements under Ex Parte Young, and in particular our standing to pursue prospective adjunctive relief. The case and the issues that counsel for the district raises, really, if there are issues relating to proof of our claims, that's something that should be dealt with on summary judgment, but not on a motion to dismiss based on the pleading. So reviewing the allegations of the amended complaint in the way that Iqbal requires and Rule 12b-1 case law requires, I think the standing of the Adams, in particular Mr. Adams, as an errant law, is sufficient with regard to his request for prospective adjunctive relief. Again, relating to our allegation that the district has never provided notice as a matter of its custom and policy over the years. You have a very general request for relief that Mr. Minor was pointing out. Would you be specific? What adjunctive relief do you say should be granted in this case? Very simple. The adjunctive relief is to require the district to provide the notice that it has not. Which means, under the statute, after the bidding process is over, the district has decided to accept a bid, that you should be given notice if it's on your property. Notice, and that prevents the former owners, including the named plaintiffs, the opportunity to decide whether or not to submit a bid on the same terms. Very simple. And that's the only request? That's the only request for adjunctive relief. Yeah, I know you want some money. Well, we agree that we're not entitled to damages in this 11th Amendment case. It's part of the young case, but adjunctive relief is all that we require. Thank you. We have your argument. Thank you. Thank you. Both counsel. The court's going to take a 10-minute recess before considering the remaining cases for the day. Thank you. All rise. Thank you.